The following is the decree which was entered in the cause:
“The court having maturely considered the transcript of the record and the arguments of counsel in this cause, are of opinion, that so much of the decree of the late general court as awards perpetual injunctions against the judgments obtained by William Ewing and others against Joist Hite, ought to be affirmed, and that the residue of the said decree ought to be reversed and annulled.
“And the court proceeding to declare what decree the said late general court ought to have made, instead of that so set aside as aforesaid, do adjudge, declare and order,
“That the heir or devisee of the late lord Fairfax claiming the proprietary of the Northern Neck, or both, if it shall be judged necessary, or those having the legal title therein, by conveyance from the said late lord Fairfax, subsequent to the 25th day of December, 173S, do severally convey, to the appellants, such parts of the lands, contained within the twenty-seven surveys stated in the memorial of *Thomas Marshall and others, as they respectively hold the legal title in.
“Reserving, to all such persons as are in I possession of lands under contracts derived from the appellants or their ancestors, and have since procured deeds of confirmation from the late lord Fairfax.
“And also reserving, to all persons affected by this decree, (except the heir, devisees and executors of the said late lord Fairfax,) as well those who derive any equity from the contracts or conduct of the appellants or their ancestors, as others, to state such equity to the high court of chancery, at any court next succeeding the expiration of three months after they, their husbands or guardians, as the case may require, shall have been served with a copy of the decree of that court in this suit, which shall be made in pursuance of this order, and to have the same discussed and decided upon. And all such persons as do not state their cases, within that time, are to be bound by the said decree, unless upon good cause shewn, the said high court of chancery shall grant a further day for stating such equity.
“It is further adjudged, declared and ordered, that all other persons being in possession of the lands or any part thereof, included within the twenty-seven surveys aforesaid and not falling within either of the reservations aforesaid, ought to be decreed to deliver possession of the same to the appellants on the first day of January next, reserving liberty to the appellants in the mean time, to enter thereon and use the same, so as not to disturb the occupants in the possession of the houses, or to interfere with the cornfields, or to molest or injure their crops, or prevent them from being carried off.
“That the appellants are also entitled to the profits of the said lands, from the first day of January, one thousand seven hur-dred and forty-nine-fifty, after making thereout a reasonable allowance for lasting improvements, composition money, and quit-rents; which said profits are to be accounted for out of the estate of Thomas lord Fairfax, deceased, by those defendants who are his executors, liberty being reserved, *to them, to be heard before this court, at any time before the final decree, on any exception specially stated in the report of those profits, whether tending to shew the said estate to be free from account, or otherwise.
“That the register of the land office ought to issue grants, to the appellants, for such of the aforesaid surveys as were made before the 25th day of December, 1735, and remain ungranted by the said Thomas lord Fairfax, deceased, they complying with the conditions required bjT law in cases of surveys actually lodged in the late secretary’s office, and not carried into patents before the revolution.
“That the appellants ought to be at liberty to resort to the high court of chancery, to obtain satisfaction for any damages which they make appear (at any time before the final decree) to have been, by them, sustained in the loss of any other surveys not yet carried into grant, through the means of Thomas lord Fairfax, deceased, or his agents; and
“That the appellants are entitled to all their costs in this suit, including the allow- *661 anee to the commissioners, surveyors and chain-carriers, for the, performance of the decretal order in the late general court.
“All which is ordered to be certified, together with 'the costs which have accrued in this court, to the high court of chancery.”